J-S10002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
:
BRANDON MICHAEL HARVEY :
:
Appellant : No. 1003 MDA 2021

Appeal from the Judgment of Sentence Entered June 9, 2021
In the Court of Common Pleas of Wyoming County
Criminal Division at CP-66-CR-0000160-2020

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.*

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 31, 2022**

Brandon Michael Harvey (Appellant) appeals from the judgment of sentence entered after he pled guilty to six counts of endangering the welfare of children (EWOC) and one count of driving under the influence—highest rate of alcohol (DUI).[1]  After careful review, we affirm.

On December 13, 2019, a Wyalusing Area School bus, driven by Appellant, crashed while transporting 13 children.  N.T., 6/9/21, at 10.  Three children suffered minor injuries.  *Id.*  Pennsylvania State Troopers determined Appellant had a blood alcohol rate (BAC) of .161 at the time of the accident.

---

* Retired Senior Judge assigned to the Superior Court.

[1] *See* 18 Pa.C.S.A. § 4304(a)(1); 75 Pa.C.S.A. § 3802(c).

*Id.* Consequently, the Commonwealth charged Appellant with multiple counts of DUI, EWOC, recklessly endangering another person, and related offenses.

On May 7, 2021, Appellant tendered an open guilty plea to one count of DUI and six counts of EWOC. On June 9, 2021, following the preparation of a pre-sentence investigation report (PSI), the trial court held a hearing and sentenced Appellant to an aggregate 32-76 months of incarceration. Appellant filed a post-sentence motion, which the trial court denied. Appellant timely appealed.[2] Appellant and the trial court have complied with Pa.R.A.P. 1925(b).

Appellant presents a single issue for our review:

Whether the trial court abused its discretion by imposing a sentence at the highest end of the aggravated range of the Pennsylvania Sentencing Guidelines, by failing to consider the relevant sentencing criteria of the Pennsylvania Sentencing Code within 42 Pa.C.S.A. § 9721(b), failing to consider mitigating circumstances, and by failing to state sufficient reasons on the record for the sentence imposed?

Appellant's Brief at 6.

Appellant challenges the discretionary aspects of his sentence. "A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." *Commonwealth v. Grays*, 167 A.3d 793,

---

[2] Appellant filed his notice of appeal from the trial court's order denying his post-sentence motion. However, Appellant's appeal properly lies from the judgment of sentence imposed on June 9, 2021. *See Commonwealth v. Shamberger*, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (recognizing an appeal properly lies from the judgment of sentence). The caption has been corrected accordingly.

815 (Pa. Super. 2017). Prior to reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Grays**, 167 A.3d at 815-16 (citation omitted).

As noted, Appellant timely filed a notice of appeal and preserved his sentencing claim in a post-sentence motion. **See** Post Sentence Motion, 6/18/21. Appellant also included in his brief a concise statement of the reasons relied upon for allowance of appeal, in accordance with Pa.R.A.P. 2119(f). Appellant's Brief at 11. We therefore consider whether Appellant raises a substantial question. **See Grays**, 167 A.3d at 816.

In his Rule 2119(f) statement, Appellant argues the trial court improperly sentenced him "without considering all of the appropriate mitigating circumstances and salient factors." Appellant's Brief at 11. Appellant claims the court failed to consider his prior record score of zero, "his amenability to treatment, and all other mitigating factors when it imposed top of the aggravated range sentences and consecutive sentences." **Id.** at 11-12. Appellant raises a substantial question. **See Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*) ("Appellant's claim that the court erred by imposing an aggravated range sentence without

consideration of mitigating circumstances raises a substantial question.").

Accordingly, we address the merits of Appellant's sentencing challenge.

Appellant argues the trial court improperly sentenced him at the highest

end of the aggravated sentencing range without considering,

> the relevant sentencing criteria of the Sentencing Code, including
> the personal history and characteristics of [] Appellant, his
> rehabilitative needs, his amenability to treatment, the need for
> protection of the public, and the presence of mitigating evidence.

Appellant's Brief at 13. Appellant emphasizes his prior record score of zero.

*Id.* Appellant similarly challenges the court's imposition of consecutive,

aggravated-range sentences despite Appellant's lack of criminal history. *Id.*

at 14. According to Appellant, the court failed to adequately consider his age,

personal characteristics, background, need for rehabilitation, his extensive

efforts at drug and alcohol rehabilitation, and his sobriety. *Id.* at 16-17.

Appellant asserts:

> In reviewing the trial court record and the trial court's [Rule]
> 1925(a) Opinion, it appears as though the trial court failed to
> consider any mitigating circumstances on the record before
> imposing aggravated sentences in the top end of the range and
> also running both counts consecutive to each other. In running
> the sentences consecutively, the failure to adequately consider
> mitigating circumstances was compounded.

*Id.* at 14.

"Sentencing is a matter vested in the sound discretion of the sentencing

judge, and a sentence will not be disturbed on appeal absent a manifest abuse

of discretion." *Commonwealth v. Edwards*, 194 A.3d 625, 637 (Pa. Super.

2018) (citation omitted). Appellate courts afford the sentencing court great

deference, because the sentencing court is in the best position to "view the defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime." ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007). We may not reweigh the sentencing factors and impose our own judgment in place of that of the sentencing court. ***See Commonwealth v. Peck***, 202 A.3d 739, 747 (Pa. Super. 2019).

The Sentencing Code requires a sentencing court to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Instantly, Appellant's counsel detailed Appellant's acceptance of responsibility and expression of remorse. N.T., 6/9/21, at 6. Appellant's counsel stated:

> Since that incident, [] [Appellant] has taken extreme steps and extreme measures to make sure that this never happens again. He's worked very hard at rehabilitation. He's been attending A Better Today and an AA program since March of 2020. He started attending Robinson Counseling to reengage with mental health counseling in January of 2020. He's been compliant with each program ever since. He reports to me and he reports to the pre-sentence investigator that he's been sober since the date of this incident. You know, Judge, in reviewing the pre-sentence report, it appears as though he's always maintained employment. You know, it does note that he does jump from job to job and in speaking with [Appellant], … I think that's a byproduct of his mental health. He goes into depressive states and manic states, and you know, it's led to problems throughout his life, but at this point, he seems to be regulated on his medications. He's compliant with his treatment and he seems to be doing better than he has in a very long time, Judge, so we'd ask the Court to consider that. … I reviewed the [sentencing] recommendation with [Appellant]. I think it is a fair recommendation. The only exception I would have is I would ask the [c]ourt to consider

instead of going into the aggravated range, to go on the high end of the standard range and consider a nine month sentence on the DUI, nine month minimum ….

*Id.* at 7-8. Appellant confirmed his successfully treatment for bipolar disorder.

*Id.* at 8.

Thereafter, the trial court, with respect to Appellant's first-degree misdemeanor conviction of DUI, sentenced Appellant in the aggravated range to 12-36 months in prison. N.T., 6/9/21, at 11, 20. The trial court reasoned:

[T]his sentence is in the aggravated range due to the following reasons: one, the defendant violated his responsibility and duty of care for thirteen children under his supervision at the time of the offense when he was a school bus driver. Any lesser of a sentence in this matter would depreciate the seriousness of [Appellant's] actions ….

*Id.* at 12.

As to Appellant's conviction of EWOC as a second-degree felony, the court imposed an aggravated range, consecutive sentence of 20-40 months in prison. *Id.* at 13. Again, the court explained:

[T]his sentence is in the aggravated range due to the following reasons: one, the defendant violated his responsibility and duty of care for thirteen children under his supervision at the time of the offense when he was a school bus driver. Any lesser of a sentence in this matter would depreciate the seriousness of [Appellant's] actions ….

*Id.* at 13-14.

For Appellant's second conviction of EWOC as a second-degree felony, the court imposed a standard-range sentence of 6-12 months in prison, concurrent with the prior EWOC sentence. *Id.* at 14. The court reasoned that

"any lesser of a sentence would depreciate the seriousness of [Appellant's] actions." *Id.* at 14. For Appellant's remaining EWOC convictions, graded as third-degree felonies, the court imposed concurrent, standard-range sentences of 6-12 months in prison, each time stating, "any lesser of a sentence would depreciate the seriousness of the defendant's actions." *Id.* at 15-19.

Pertinently, the trial court had the benefit of a PSI. *See* N.T., 6/9/21, at 5-6 (trial court referencing the PSI). "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Bullock*, 170 A.3d 1109, 1126 (Pa. Super. 2017) (citation omitted).

In sum, we discern no abuse of discretion by the trial court in emphasizing Appellant's duty of care and the seriousness of his actions. The record demonstrates Appellant drove a school bus with a BAC of .161, and crashed the bus, causing injuries to three of the 13 children entrusted to his care. N.T., 6/9/21, at 10-11. Thus, the court did not err in sentencing Appellant to consecutive sentences at the highest end of the aggravated range for his second-degree felony convictions of DUI and EWOC.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/31/2022